UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| SAUL M. GARZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-10-54 |
| | § | |
| FORMOSA PLASTICS CORP., TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant Formosa Plastics Corporation, Texas' ("Formosa") Rule 12(b)(4) & (5) Motion to Dismiss (Dkt. No. 5). Formosa's motion is ripe for ruling and deemed unopposed because the submission date has passed and Plaintiff Saul M. Garza ("Garza") has not filed a response.[1] Having carefully considered the motion, record, and applicable law, the Court is of the opinion that Formosa's motion should be **GRANTED**.

**I. Background**

On July 12, 2010, Garza, acting *pro se* and *in forma pauperis* (*IFP*), filed his Original Complaint in this action, claiming that he was discriminated against during his employment with Formosa. (Dkt. No. 1.) When Garza failed to serve Formosa before the initial pretrial and scheduling conference on November 1, 2010, the Court granted Garza's request for additional time in order to perfect service and extended the deadline to December 8, 2010. (Dkt. No. 3.) Summons was issued on November 23, 2010, and on November 29, 2010, Garza personally met with Formosa's Manager of Legal Services, Frank Wedig. (*See* Dkt. No. 4.) Garza gave the

---

1. *See* S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling 21 days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition). The deadline for Garza's response was December 28, 2010. To date, Garza has not responded to Formosa's motion to dismiss.

summons to Wedig, but a copy of Garza's Original Complaint was not attached to the summons. (*See Id.*)

Formosa now moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) for insufficiency in the process itself and insufficient service of process.

**II. Legal Standard**

"Generally speaking, '[a]n objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service,' while a 'Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint.'" *Gartin v. Par Pharm. Co., Inc.*, 289 Fed. App'x 688, 692 n.3 (5th Cir. 2008) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL (3d ed.) § 1353). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992).

The requirements set forth in Federal Rule of Civil Procedure 4 must be strictly followed for service to be proper. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). Rule 4(a) sets forth the various elements the summons must contain. FED. R. CIV. P 4(a)(1). Rule 4(c) governs the procedure for service of process, including cases involving *IFP* plaintiffs like Garza. Under Rule 4(c)(3), if a plaintiff proceeding *IFP* so requests, the court must order that service be made "by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3). However, "a plaintiff may not remain silent and do nothing to effectuate such service [by a U.S. marshal]. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

**III. Analysis**

As noted *supra*, Garza did not respond to Formosa's Motion to Dismiss, and the motion is therefore deemed unopposed. However, unopposed motions to dismiss that dispose of litigation may not be automatically granted. *See John v. Louisiana Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 707—10 (5th Cir. 1985). The Court will thus address the merits of Formosa's motion.

Formosa first moves to dismiss under Rule 12(b)(4) on the grounds that the form of the process was improper. Rule 4 provides that "[a] summons must be served *with a copy of the complaint*." FED. R. CIV. P. 4(c)(1) (emphasis added). However, a review of the Proof of Service Garza filed with the Court indicates that the summons was delivered to Wedig with "No Petition attached." (*See* Dkt. No. 4 at 2.) The form of the process was therefore improper. Formosa further moves to dismiss under Rule 12(b)(5) on the grounds that Garza failed to effectuate proper service of process. Rule 4 provides that "[s]ervice may be effected by any person *who is not a party* . . . ." FED. R. CIV. P. 4(c)(2) (emphasis added). However, a review of the Proof of Service indicates that Garza acted as the process server. (*See* Dkt. No. 4 at 2.) Thus, service of process was also improper.

The Court recognizes that "service of process by *pro se*, *IFP* litigants is governed by '[s]pecial,' or more lenient, rules." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). However, Garza did not avail himself of these "special" rules, and his *IFP* status does not excuse his failure to effectuate proper service. Garza did not request that service be made by a U.S. marshal or by a person specially appointed by the Court under Rule 4(c)(3), nor did he provide the Court with an address for Formosa in order that service could be made. Further, even after being put on notice that service was defective, he did not make any attempt to respond to Formosa's motion or otherwise remedy any defects in service.

**IV. Conclusion**

For the reasons set forth above, Formosa's Rule 12(b)(4) & (5) Motion to Dismiss (Dkt. No. 5) is **GRANTED**, and this action is **DISMISSED** without prejudice.

It is so **ORDERED**.

**SIGNED** this 11th day of January, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE